UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JUVENAL ARMANDO RODRIGUEZ BRACHO,

*Petitioner*,

v. Case No. 3:26-cv-293-JEP-SJH

RONNIE WOODALL, et al.,

*Respondents*.
______________________________/

**ORDER**

Through counsel, Petitioner, a detainee of the United States Immigration and Customs Enforcement ("ICE"), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, seeking, among other things, an order directing Respondents to release him or any other relief the Court deems just and proper. (*See* Doc. 1 at 6-7). Petitioner is a citizen of Venezuela who entered the United States on July 28, 2023; he was processed by immigration authorities and paroled into the United States; and on January 17, 2026, ICE took Petitioner into custody following an arrest by local law enforcement. (*See* Doc. 1 at 3; Doc. 10 at 2-3; *see also* Doc. 10-2 at 1). The petition is not a model of clarity, but Petitioner explains in a subsequent filing that the "petition

challenges Respondents' continued detention of Petitioner without bond pursuant to 8 U.S.C. § 1225(b)(2)(A)." (Doc. 12 at 1).[1]

This Court previously addressed claims and arguments similar to those raised in this case, concluding that the Court has jurisdiction, but the relevant statutory language and context support the Federal Respondents' position that an alien without lawful admission who has resided in the United States for some appreciable period of time is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Diaz Lopez v. Dir. of Enf't of Removal Operations*, 817 F. Supp. 3d 1260 (M.D. Fla. 2026); *see also Lozano Sousa v. Ripa*, No. 3:25-cv-1617-JEP-PDB, 2026 WL 958794 (M.D. Fla. Mar. 27, 2026).[2] However, on May 6, 2026, the Eleventh Circuit Court of Appeals took the opposite approach

[1] The Federal Respondents likewise understand the petition to challenge, in part, ICE's authority to detain Petitioner under § 1225. (*See* Doc. 10 at 10-17).

[2] The Federal Respondents also argue that Petitioner failed to exhaust his administrative remedies because he did not request a bond redetermination hearing before an immigration judge prior to filing the petition. (*See* Doc. 10 at 8-9). Notably, however, the Federal Respondents certify that Petitioner is being mandatorily detained under 8 U.S.C. § 1225(b)(2), and the notice to appear classifies him as an "arriving alien." (*Id.* at 4; Doc. 10-2 at 1). Immigration judges do not have jurisdiction to revisit ICE's initial custody determinations for "arriving aliens in removal proceedings, including aliens paroled after arrival." 8 C.F.R. § 1003.19(h)(2)(i)(B). Thus, even if Petitioner sought a bond redetermination hearing prior to filing the petition, an immigration judge would have denied the request for lack of jurisdiction. Indeed, Petitioner represents that after filing the petition and subsequent developments in the law, he did seek a custody redetermination, but the immigration judge concluded that he lacked jurisdiction "because Petitioner was previously released on parole." (Doc. 13 at 2; *see* Doc. 14 at 2). Therefore, based on the facts of this case, the Court rejects the Federal Respondents' exhaustion argument.

on the substantive issue under the INA, concluding that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1276 (11th Cir. 2026).[3] While the opinion did not specifically address the circumstance of an individual, like Petitioner, who had been initially paroled into the country, the reasoning of the opinion is equally applicable to Petitioner. Petitioner was detained within the interior of the United States—not at the border. *See id.* at 1286 (recognizing "the longstanding border-interior distinction for purposes of [immigration] detention"). And he was not "seeking lawful entry after inspection and authorization by an immigration officer"—indeed, he was "not applying for entry in any literal sense when [he was] detained." *Id.* at 1269 (some internal quotation marks omitted).[4]

---

[3] Although the mandate has not yet issued, the Eleventh Circuit's published opinion has immediate precedential effect. *See Martin v. Singletary*, 965 F.2d 944, 945 n.1 (11th Cir. 1992) (noting that a published opinion "is the law in this circuit unless and until it is reversed, overruled, vacated, or otherwise modified by the Supreme Court of the United States or by [the Eleventh Circuit] sitting en banc," and that a stay of the mandate "in no way affects the duty of . . . the courts in this circuit to apply now the precedent established by" the published opinion "as binding authority"); 11th Cir. IOP—Cir. R. 36.2 ("Under the law of this circuit, published opinions are binding precedent. The issuance or non-issuance of the mandate does not affect this result.").

[4] The Federal Respondents filed the response in this case before the Eleventh Circuit issued its opinion. Nevertheless, the undersigned has rejected similar arguments more recently made by the federal respondents in other cases involving

Therefore, it is **ORDERED**:

1. The petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is **GRANTED** with respect to Petitioner's challenge to his mandatory detention under 8 U.S.C. § 1225(b)(2)(A).[5] Within **seven days** of this Order, Respondents shall either afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release Petitioner. If Respondents release Petitioner, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.
2. The Clerk is **DIRECTED** to enter judgment granting the petition, terminate any pending motions as moot, and close this case.

**DONE AND ORDERED** in Jacksonville, Florida, on August 4, 2026.

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

c:
Counsel of Record

---

similarly situated petitioners. *See, e.g.*, *Gonzalez Mena v. Warden*, No. 3:26-CV-1741-JEP-SJH, 2026 WL 2224682, at *1 (M.D. Fla. Aug. 3, 2026).

[5] Because the Court grants relief on this claim, the Court need not address Petitioner's other claims. *See Banks v. Dretke*, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").